IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Difankh Asar | ) | |
| | ) | |
| Petitioner, | ) | Cr. No.: 7:10-cr-00429-GRA-1 |
| v. | ) | |
| | ) | **ORDER** |
| United States of America, | ) | (Written Opinion) |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court on Petitioner Difankh Asar's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). The Government has filed a Response to the § 2255 Motion. The Government also moves for Summary Judgment as to Petitioner's § 2255 Motion. For the reasons set forth below, Petitioner's Motion under 28 U.S.C. § 2255 is DENIED and the Government's Motion for Summary Judgment is GRANTED.

## Background

On July 26, 2010, Petitioner pled guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). ECF No. 44. On December 7, 2010, following a hearing to determine Petitioner's predicate offenses for Armed Career Criminal purposes, the Court sentenced Petitioner to the minimum mandatory sentence of 180 months in prison followed by 5 years supervised release, with judgment entered on December 9, 2010. ECF No. 56. Petitioner filed a timely Notice of Appeal on the same date, and trial counsel was appointed to represent him on his appeal. *See* ECF No. 59. On May 8, 2012, the Court of Appeals affirmed the conviction and issued a mandate on May 30, 2012.

Andrew Johnston represented Petitioner during his case at the trial level beginning May 18, 2010 after the court relieved previously appointed counsel, David Plowden, of the Federal Public Defender's Office. Mr. Johnston also represented Petitioner on his appeal. *See* ECF No. 67. Petitioner filed his § 2255 Motion on June 14, 2012, seeking to vacate, set aside, or correct his current sentence on grounds of disagreement that his predicate offenses qualify for Armed Career Criminal purposes, ineffective assistance of counsel, and the rule of lenity. ECF No. 83. After the Court allowed Petitioner to amend his arguments in his original motion, the Government filed its Response in Opposition to the amended petition on September 4, 2012. ECF No. 98. The Government now moves for Summary Judgment on the amended § 2255 Motion. ECF No. 99.

## Standard of Review

Petitioner brings this Motion *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The liberal construction requirement does not mean that a court can ignore a clear failure to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so; however, a district court may not rewrite a motion to include claims that were never presented, *see Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct

the party's legal arguments for him, *see Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Additionally, Section 2255 provides that a prisoner in custody under a federal court's sentence may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. The court may grant relief on the following grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Generally, a petitioner must prove these grounds by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 546 (4th Cir. 1958) (per curiam).

In deciding a motion under § 2255, the court need not hold a hearing if the motion and the case record "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Moreover, if the motion, its attachments and the record plainly show that the prisoner is not entitled to relief, the court must dismiss the motion. Rule 4(b), Rules Governing § 2255 Proceedings for the U.S. Dist. Cts.

Here, Respondent has filed a Motion for Summary Judgment. The issue in determining a motion for summary judgment is whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes

demonstrate the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. Fed. R. Civ. P. 56(e); *see Celotex*, 477 U.S. at 317.

## Discussion

**I.  Ineffective Assistance of Counsel**

Petitioner alleges ineffective assistance of counsel in a number of respects. Specifically, Petitioner asserts that his counsel was ineffective in the following ways: (1) Failure to competently and effectively challenge the Court's application of the Armed Career Criminal Act (ACCA) with respect to his 1986 conviction for Assault and Battery of a High and Aggravated Nature (ABHAN) and two prior convictions for Pointing and Presenting a Firearm; (2) Failure to attack his prior convictions under the Ex Post Facto Clause; (3) Failure to raise a violation of the Sixth Amendment after being designated an Armed Career Criminal with respect to his prior Pointing and Presenting a Firearm convictions and ABHAN convictions; (4) Failure to raise a violation of the Fourteenth Amendment when the District Court determined his prior violent offenses qualified under the ACCA; and (5) Failure to argue that the rule of lenity should apply.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance fell below an objective standard of reasonableness and (2) that, but for his counsel's deficiencies, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to

reasonableness, the court must determine the reasonableness of the challenged conduct on the facts of the particular case at the time of the attorney's conduct. *Id.* at 690. The attorney's conduct must be "within the realm of competence demanded of attorneys in criminal cases." *Id.* at 687. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689 (directing that "[j]udicial scrutiny of counsel's performance must be highly deferential").

As for prejudice, a petitioner has the burden of proving that the alleged deficiencies were, in fact, prejudicial to the outcome of the proceeding. *Id.* at 694. He must demonstrate that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* It is not enough to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding. *Id.* at 693. Thus, even if counsel's performance falls outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error likely had no effect on the judgment. *Id.* at 694. A court need not make a determination concerning the attorney's performance if it is clear that no prejudice resulted. *See id.* at 697.

1. Prior Convictions and the ACCA

Construing Petitioner's motion liberally, the Court first finds Petitioner's claims of ineffective assistance of counsel with respect to challenging his predicate offenses for ACCA purposes to be without merit.

Petitioner has failed to show that his attorney's conduct fell below an objective standard of reasonableness. The ACCA requires a mandatory minimum sentence of not less than fifteen years if a defendant has three previous convictions "for a violent felony or a serious drug offense . . . ." *See* 18 U.S.C. § 924(e). At the time of his sentencing, Petitioner admitted that his prior burglary conviction and armed robbery conviction were predicate offenses for ACCA purposes. (Sent. Tr. P. 3, Lines 13–14). However, his counsel argued vehemently in a Sentencing Memorandum and before the Court that Petitioner's prior ABHAN conviction and his two Pointing and Presenting a Firearm convictions should not be counted as ACCA classifying offenses. *See* ECF No. 53. Moreover, after the Court found otherwise, Petitioner's same counsel argued before the Fourth Circuit that such determination of ACCA predicate offenses was in error. While the Fourth Circuit ultimately affirmed the District Court, such results do not indicate that counsel was unreasonable in his representation of Petitioner. Counsel vigorously represented Petitioner's positions and did not act below an objective standard of reasonableness simply because the results were contrary to what the Petitioner hoped would occur.

Thus, because Petitioner cannot show his counsel's conduct was unreasonable and also fails to show any prejudice from his counsel's conduct, his ineffective assistance of counsel claim fails with respect to his prior convictions and the ACCA.

2. Ex Post Facto Violation

Petitioner's assertion that his counsel was ineffective for not arguing an Ex Post Facto violation as to his Pointing and Presenting a Firearm convictions is also without merit.

Article I, Section 9 of the United States Constitution provides that "[n]o . . . ex post facto law shall be passed.' U.S. CONST. art I, § 9, cl. 3. The Ex Post Facto Clause "prohibits laws that 'retroactively alter the definition of crimes or increase the punishment of criminal acts.'" *United States v. Brady*, 438 F. App'x 191, 194 (4th Cir. 2011) (quoting *Collins v. Youngblood*, 497 U.S. 37, 43 (1990)). However, a court's use of prior convictions to enhance a sentence under ACCA "does not violate the constitutional prohibition against 'Ex Post Facto' laws"—even if "such prior convictions were entered before the effective date of ACCA." *United States v. Presley*, 52 F.3d 64, 68 (4th Cir. 1995). Moreover, as the text of the Clause makes clear, it "is a limitation upon the powers of the Legislature, and does not of its own force apply to the Judicial Branch of government." *Marks v. United States*, 430 U.S. 188, 191 (1977).

Petitioner's Ex Post Facto allegations are baseless. First, the language of the law that Petitioner was convicted under for Pointing and Presenting a Firearm in 1992 and 1993 has not changed. *See* S.C. Code Ann. § 16-23-410 (1976). Petitioner relies on the recent interpretation of the words "to present" in *In re Spencer*, 692 S.E.2d 569 (S.C. Ct. App. 2010) to allege a violation of the Ex Post Facto Clause. However, as the Supreme Court has made clear, the Ex Post Facto Clause does not apply to interpretations of criminal statutes by the courts. *See Marks*, 430 U.S. at 191.

Second, even if the Ex Post Facto Clause were applicable, Pointing and Presenting a Firearm has long been categorically a "violent felony" under the ACCA in the Fourth Circuit. Section 924(e)(1) of Title 18 of the United States Code provides that "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or

a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g)." 18 U.S.C. § 924(e)(1) (2006). The term "violent felony" is defined at 18 U.S.C. § 924(e)(2)(B) as follows:

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; . . .

Moreover, section 4B1.4(a) of the United States Sentencing Guidelines states that a defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal and sets forth the potential offense levels.

To determine whether an offense under state law falls within the definition of a violent felony for ACCA purposes, this Court generally uses a categorical approach, which "requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense." *See Taylor v. United States*, 495 U.S. 575, 602 (1990). The particular label or categorization under state law is not controlling. *Id.* at 590–91. However, a court may sometimes be permitted to "go beyond the mere fact of conviction" in what has become known as the modified categorical approach. *Taylor*, at 602; *Shepard v. United States*, 544 U.S. 13, 16–17 (2005). In determining whether a

prior conviction is a violent felony under the modified categorical approach "a sentencing court cannot look beyond the charging document, the terms of a plea agreement, the plea colloquy, the statutory definition, or any explicit finding of the trial judge to which the defendant assented to determine a disputed fact about a prior conviction." *United States v. Collins*, 412 F.3d 515, 521 (4th Cir. 2005).

A conviction for Pointing and Presenting a Firearm is categorically a violent felony under the ACCA. The Fourth Circuit has long held that Pointing and Presenting a Firearm is a crime of violence under § 4B1.2(a)(2), the career offender provision, even before Petitioner was convicted of these crimes. *See United States v. Thompson*, 891 F.2d 507, 509–10 (4th Cir. 1989) (finding that pointing and possessing a firearm was a "crime of violence" under a former version of U.S.S.G. § 4B1.2(a)(2)); *see also United States v. Byrd*, 400 Fed. App'x. 718, 721 (4th Cir. 2010) (finding that a conviction for pointing and possessing a firearm "still constitutes a 'crime of violence' under U.S.S.G. § 4B1.2(a)(2)"). The Guideline defining "crime of violence" under the career offender provision mirrors the definition of "violent felony" under the armed career criminal provisions, and therefore the Court "re[lies] upon precedents evaluating whether an offense constitutes a violent felony under the Armed Career Criminal Act [ ] interchangeably with precedents evaluating whether an offense constitutes a crime of violence under U.S.S.G. § 4B1.2(a)." *United States v. Clay*, 627 F.3d 959, 965 (4th Cir. 2010).

Therefore, due to this precedent and the fact that the Ex Post Facto Clause applies only to legislation, Petitioner's Ex Post Facto allegations are without merit.

Thus, Petitioner's ineffective assistance of counsel claim fails in this respect, and counsel was correct not to make this argument.

3. Sixth Amendment

Petitioner next asserts an ineffective assistance of counsel claim for his counsel's failure to raise a violation of the Sixth Amendment with respect to the Court's use of his 1986 ABHAN conviction and two convictions for Pointing and Presenting a Firearm for armed career criminal purposes.

The Sixth Amendment guarantees in criminal cases, among other things, the right to a speedy and public trial, the right to trial by jury, and the right to the assistance of counsel. *See* U.S. CONST. amend. VI. The Fourth Circuit has held that the Sixth Amendment "does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt." *United States v. Cheek*, 415 F.3d 349, 352 (4th Cir. 2005). The Sixth Amendment only requires that "a sentencing court cannot look beyond the charging document, the terms of a plea agreement, the plea colloquy, the statutory definition, or any explicit finding of the trial judge to which the defendant assented to determine a disputed fact about a prior conviction." *United States v. Collins*, 412 F.3d 515, 521 (4th Cir. 2005).

At Petitioner's sentencing, the Court did not determine any disputed fact about Petitioner's prior ABHAN conviction or two convictions for Pointing and Presenting a Firearm. (Sent. Tr., generally). As stated above, at the time of Petitioner's sentencing the Fourth Circuit had previously held that Pointing and Presenting a Firearm qualified as a "violent felony" for armed career criminal purposes. *See United States v.*

*Thompson*, 891 F.2d 507, 509–10 (4th Cir. 1989); *see also United States v. Clay*, 627 F.3d 959, 965 (4th Cir. 2010) (equating "crimes of violence" with "violent felony").

Moreover, Petitioner's 1986 ABHAN conviction had also already been held to be a "violent felony" by the Fourth Circuit in prior decisions. *See United States v. Wright*, 594 F.3d 259, 263 (4th Cir. 2010) (S.C. aggravated assault and battery [*i.e.*, ABHAN], is a violent felony); *United States v. Jones*, 312 F. App'x 559 (4th Cir. 2009) (S.C. ABHAN and strong arm robbery are violent felonies). However, there is potentially an open question as to whether or not ABHAN will continue to be considered categorically a violent felony. *See United States v. Johnson*, No. 10-4941, 2012 WL 1224217, at *2 (4th Cir. Apr. 12, 2012) ("Without expressing an opinion on whether the offense of ABHAN under South Carolina's common law categorically constitutes a crime of violence under USSG § 4B1.1(a), we have decided the prudent course under the circumstances is to vacate [defendant's] sentence and remand this case to the district court for further proceedings in order to allow the district court to determine if the modified categorical approach supports the conclusion that [defendant's] conviction for ABHAN under South Carolina common law constitutes a crime of violence under USSG § 4B1.1(a).") Accordingly, the Court will also consider the modified categorical approach discussed previously with respect to Petitioner's ABHAN conviction.

Even assuming *arguendo*, that Petitioner's ABHAN conviction is not "categorically" a violent felony for ACCA purposes, it would still be a violent felony when employing the modified categorical approach. *See United States v. Collins*, 412 F.3d 515, 521 (4th Cir. 2005). Looking only to the charging document, the Presentence Investigation Report indicates that Petitioner's ABHAN conviction resulted after "the

defendant did hit Eugene Smith on the mouth with a stick casing [sic] bodily harm." ECF No. 48. Therefore, the Court concludes that this conviction is a violent felony for purposes of the ACCA. Moreover, even without counting Petitioner's ABHAN conviction, Petitioner still has four predicate offenses for ACCA purposes when the Pointing and Presenting a Firearm convictions are added, and the statute only requires three. See 18 U.S.C. § 924(e)(1) (2006).

As such, because the above cases disposed of the issue of whether a South Carolina conviction for Pointing and Possessing a Firearm or ABHAN categorically constituted violent felonies, "the facts necessary to support the enhancement inhere[d] in the fact of conviction." United States v. Thompson, 421 F.3d 278, 283 (4th Cir. 2005). Even if *arguendo* ABHAN no longer categorically constituted a violent felony, under the modified categorical approach and looking only at the charging documents, Petitioner's ABHAN conviction would still be considered a violent felony under the ACCA. Thus, the court did not engage in any fact-finding that would potentially implicate the Sixth Amendment in its determination that the convictions constituted violent felonies. See id. at 283–84.

Therefore, because the Sixth Amendment claim fails and is without merit, Petitioner's ineffective assistance of counsel claim for failing to object to the court's determination of facts in violation of the Sixth Amendment is also without merit.

4. Fourteenth Amendment

Petitioner also alleges ineffective assistance of counsel for his counsel's failure to raise a violation of the Fourteenth Amendment with respect to the Court's use of his

1986 ABHAN conviction and two convictions for Pointing and Presenting a Firearm for armed career criminal purposes.

The Fourteenth Amendment to the Constitution concerns individuals' rights and the due process of law. *See* U.S. CONST. amend. XIV. Construing his arguments liberally, Petitioner asserts a violation of the Due Process Clause of the Fourteenth Amendment. However, the Due Process Clause of the Fourteenth Amendment only prohibits the States from depriving persons of life, liberty, or property without due process of law. It does not implicate and apply to the actions of the United States government, and it does not provide a source of constitutional rights to defendants in federal criminal cases. Petitioner's § 2255 motion does not involve any state action that falls within the scope of the Fourteenth Amendment. Only the Fifth Amendment Due Process Clause applies to actions of the United States government. *United States v. Morrison*, 529 U.S. 598, 621 (2000). Thus, any claim in this case under the Fourteenth Amendment is without merit.

Nonetheless, out of an abundance of caution, the Court finds that Petitioner has been afforded due process in this case. From his arrest, appointment of counsel, his sentencing, appeal, and this § 2255 action, Petitioner has been afforded due process and makes no showing to the contrary. Moreover, at the time of his guilty plea, Petitioner told the Court that he was satisfied with his attorney and had no complaints. (Plea Tr. P. 34, Lines 6–11).

Therefore, because any alleged violation of the Fourteenth Amendment would have been baseless, Petitioner's ineffective assistance of counsel claim on this ground is without merit.

5. Rule of Lenity

Petitioner finally claims that his counsel was ineffective for failing to raise the rule of lenity. Petitioner contends that the Pointing and Presenting a Firearm statute, S.C. Code Ann. § 16-23-410, and the ABHAN offense are ambiguous because there is no indication that committing these offenses would also constitute a violent felony for ACCA purposes. Petitioner argues that the rule of lenity should apply and the prior offenses be interpreted favorably for Petitioner as offenses that do not qualify as violent felonies for ACCA purposes. The Court finds that Petitioner's claim is without merit.

The rule of lenity "requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them." *United States v. Santos*, 553 U.S. 507, 514 (2008). Thus, when a statue is clear and unambiguous, the rule of lenity does not apply. *See U.S. v. R.L.C.*, 503 U.S. 291, 314 (1992) (finding that the rule of lenity does not apply to an unambiguous law).

Under both the Pointing and Presenting a Firearm statute and the offense of ABHAN, there is no ambiguity, and the rule of lenity is inapplicable. Furthermore, the Fourth Circuit has found both offenses clear and unambiguous and interpreted them to be violent felonies for purposes of the ACCA. *See United States v. Wright*, 594 F.3d 259, 263 (4th Cir. 2010) (ABHAN); *United States v. Byrd*, 400 Fed. App'x. 718, 721 (4th Cir. 2010) (Pointing and Presenting a Firearm). As such, Petitioner's claim under the rule of lenity is without merit. Therefore, Petitioner's ineffective assistance of counsel claim on this ground is also without merit.

## II. Errors of the Sentencing Court

Finally, Petitioner asserts that the District Court and the Fourth Circuit erred in finding that his Pointing and Presenting a Firearm convictions and his ABHAN conviction qualify for ACCA purposes.

The issues Petitioner raises have already been fully litigated and determined by both this Court and the Fourth Circuit on appeal. Petitioners are not "allowed to recast, under the guise of collateral attack, questions fully considered by [the] court." *Boeckenhaupt v. U.S.*, 537 F.2d 1182, 1183 (4th Cir. 1976).

As such, Petitioner's claims are without merit, and the Court will not relitigate these issues in a § 2255 action.

## **Conclusion**

A review of Petitioner's § 2255 Motion and the record plainly shows that Petitioner is not entitled to relief. Therefore, this Court shall deny the Motion. The Court declines to issue a certificate of appealability in this matter.[1]

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DENIED. The Government's motion for Summary Judgment is GRANTED, and this matter is DISMISSED, with prejudice.

**IT IS SO ORDERED.**

---

[1] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. §§ 2254 & 2255. The Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473 (2003) (holding that, to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").



G. Ross Anderson, Jr.
Senior United States District Judge

October 10, 2012
Anderson, South Carolina